# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| DANIEL LAFITTE DUMONDE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 05-B-0721-S |
| | ) | |
| CIRCUIT COUNTY COURT SYSTEM OF | ) | |
| JEFFERSON COUNTY, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Daniel Lafitte DuMonde, hereinafter referred to as plaintiff, has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States were abridged because of his incarceration at Jefferson County Jail in Birmingham, Alabama. Plaintiff names the Circuit Court System of Jefferson County, Jefferson County and its Commissioners, Lt. Paul Logan, Sgt. V.W. Tice, Sheriff Mike Hale, Judge Sheldon Watkins, Judge Virginia Vinson, Judge Robert G. Cahill, District Attorney David Barber, Deputy District Attorney Tyrone Townsend, and Bobbie Jackson as defendants. He seeks monetary damages.

Under the Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 1915A, this court is required to screen complaints filed by prisoners against officers or employees of governmental entities and to dismiss the complaint or any portion of the complaint that it finds frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. While the former 28 U.S.C. § 1915(d) permitted the court to dismiss claims *sua sponte* only if the court found them frivolous or

malicious, the new Section 1915A directs the court, in effect, to make and rule on its own motion to dismiss the complaint prior to service.  In order to protect a *pro se* prisoner's right of access to the courts, however, these complaints are read by less stringent standards than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed 2d 652 (1972); *Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir. 1984); *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).

## FACTUAL ALLEGATIONS

Plaintiff attests all defendants conspired with one another to "pressure, threaten, trick, intimidate, frame or otherwise force plaintiff into pleading guilty to a crime he was in fact innocent (sic) . . . . by using . . ." fabricated, manufactured and concocted evidence.  (Doc. 1, at 2). Specifically, on October 23, 2003, plaintiff was arrested by state officials, placed in Jefferson County Jail, and charged with Theft of Property. *Id.* at 3.  Plaintiff remained under state custody in Jefferson County Jail until June 8, 2004. *Id.*  According to plaintiff, during this period of time, the defendants actively used their positions and authority to conspire with one another in various ways to execute his unlawful arrest, fabricate criminal charges against him, deny him lawful release from pre-trial detention, and utilize false evidence against him to attempt to intimidate him either into pleading guilty to a crime he did not commit, or go to trial and if convicted, be subject to a 99 year imprisonment recommendation from the District Attorney's office. *Id.*  at 5-29.  Plaintiff contends further that, on January 24, 2004, he was stabbed in the eye by a deranged inmate, received several stitches at a local hospital, and denied any follow-up care.  *Id.* at 30.   Plaintiff claims he has "lost some vision in his left eye and continues to suffer pain and spasm[s] in the eye area." *Id.*

2

Plaintiff contends that immediately before the state case against him was to be dismissed on June 8, 2004, the federal government "interven[ed], . . .unlawfully s[eiz]ed and indicted [him]" . . . using the exact same bad facts incident to [his] unlawful arrest . . . ."as those utilized in the state action.[1]  For relief, plaintiff demands monetary damages.  *Id.* at 31-34.

## CLAIMS UNDER 42 U.S.C. § 1983

This court must first determine whether any portion of plaintiff's claims are even cognizable under Section 1983.  In *Heck v. Humphrey*, 512 U.S. 477, 486 (1994), the United States Supreme Court wrote,

> In order to recover damages [or declaratory relief] for a constitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid [a] § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Since his conviction has not yet been reversed, expunged, invalidated, or impugned, plaintiff's claim for money damages as a result of his unlawful conviction and confinement is not cognizable under § 1983 and is due to be dismissed.

---

[1] *Id.* at 29.  On May 2, 2005, a final judgment of conviction for violation of 18 U.S.C. §§ 513(a) and 2 (making, possessing, and uttering a counterfeit security while aided and abetted by another), was entered against plaintiff in *United States v. Daniel Lafitte Dumonde.*  (CR-04-B-0176-S, doc. 161).   Plaintiff was sentenced to imprisonment in the federal penitentiary for 66 months.  *Id.*  The court notes that the underlying factual basis for all claims pertaining to the criminal case against him in the above-styled action were raised on numerous occasions by DuMonde during the prosecution of the criminal case.   However, after a bench trial before the undersigned, plaintiff was found guilty of the offense for which he was charged. *Id.* at doc. 128. A copy of the court's Memorandum Opinion is attached to this Opinion. Dumonde has appealed his conviction to the Eleventh Circuit Court of Appeals.  *Id.* at doc. 165.

3

**STABBING INCIDENT**

Plaintiff assertion that unidentified defendants are liable to him because he was stabbed while incarcerated, and his factually unsupported contention that he was denied follow-up medical care fail to state any constitutional claim upon which relief may be granted.  Vague, general or conclusory allegations are insufficient to merit relief under § 1983.  *See Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).

**CONCLUSION**

Accordingly, for the reasons stated above, plaintiff's due process claims in this action are due to be DISMISSED WITHOUT PREJUDICE, and any claims pertaining to the assault he received while at Jefferson County Jail are due to be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) and/or (2).

An appropriate Order shall be entered.

DATED this 28thday of December, 2005.

SHARON  LOVELACE  BLACKBURN
UNITED STATES DISTRICT JUDGE